**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DONICHA MCCANN-CROSS,       )
                               )
         Plaintiff,         )
                               )
       v.               )      Civil Action No. 24-1431-GBW-SRF
                               )
CORAS WELLNESS AND       )
BEHAVIORAL HEALTH, a Delaware  )
Limited Liability Company,    )
                               )
         Defendant.      )

**MEMORANDUM ORDER**

At Wilmington this **23rd** day of **March, 2026,** having reviewed and considered defendant Coras Wellness and Behavioral Health's ("Defendant") motion to compel discovery and the associated filings, (D.I. 43; D.I. 45; D.I. 47), IT IS ORDERED that the motion to compel is GRANTED for the following reasons.

1. **Background.** Plaintiff Donicha McCann-Cross ("Plaintiff") brought this action for employment discrimination against Defendant on December 31, 2024, alleging that she experienced a hostile work environment and discrimination based on gender and race. (D.I. 2) Among the averments against her supervisors and coworkers is an allegation that the Regional Supervising Nurse, Brittany Washington, sent Plaintiff an explicit text message on July 18, 2023. (*Id.* at ¶ 7; D.I. 45 at 3) Plaintiff attached a copy of the explicit image as an exhibit to the complaint. (D.I. 3)

2. On November 14, 2025, Defendant served written discovery requests on Plaintiff requesting, among other things, the production of "all communications between [Plaintiff] and any current or former CORAS personnel, regarding . . . [Plaintiff's] allegations in this case, and/or the facts underlying those allegations." (D.I. 20 at 9) Defendant specifically requested

the production of "[a]ny and all text messages relating to [Plaintiff's] allegations, including the July 18, 2023, text message" from Brittany Washington. (*Id.* at 11)  Defendant followed up on these requests during and after Plaintiff's January 13, 2026 deposition, specifically requesting the whole text chain with Brittany Washington containing the explicit message. (D.I. 43, Ex. A at 200:12-22; Ex. B)

3.  After Plaintiff's second deposition on February 17, 2026, Defendant again requested records of all of Plaintiff's text messages with Brittany Washington from all of her devices. (*Id.*, Ex. C)  Plaintiff denied having additional responsive messages on her Samsung phone but did not confirm or deny whether any responsive messages were present on her iPhone or any other electronic devices. (*Id.*)

4.  **Analysis.**  Discovery is the process by which the parties request information from each other regarding their claims or defenses.  Each party bears its own costs of conducting discovery.  Discovery is governed by Federal Rules of Civil Procedure 26 and 37 and is conducted between the parties without the court's involvement.  Under Rules 33 and 34, a party may request, in writing, answers to questions and documents from the opposing side.  The parties must generally respond to discovery requests in writing within thirty (30) days.

5.  "Rule 26 provides that parties may obtain discovery on nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case while considering the burden and the expense on the producing party." *Upsher-Smith Labs., LLC v. Zydus Pharms. (USA) Inc.*, C.A. No. 21-1132-GBW, 2023 WL 11835138, at *1 (D. Del. Nov. 21, 2023) (citing Fed. R. Civ. P. 26(b)(1)).  Relevance is broadly construed based on the facts and circumstances of each case.  When the party opposing discovery raises an objection, the party seeking discovery must demonstrate the relevance of the requested discovery.  The burden

2

then shifts back to the objecting party to show why the discovery should not be permitted. *Ameritas Life Ins. Corp. v. Wilmington Sav. Fund Soc'y*, C.A. No. 23-236-GBW, 2024 WL 4417096, at *1 (D. Del. Oct. 4, 2024).

6.   Defendant has shown that Plaintiff failed to formally object or respond to Defendant's requests for the production of all text messages between Plaintiff and Brittany Washington. *See Thompson-El v. Greater Dover Boys & Girls Club*, C.A. No. 18-1426-RGA, 2022 WL 606700, at *3 (D. Del. Jan. 28, 2022) (granting motion to compel based on finding that the plaintiff was non-compliant with Rule 26 obligation to either respond or specifically object to discovery requests).   In her response to the motion to compel, Plaintiff argues the merits of her case, challenges the litigation conduct of Defendant's counsel, and denies exchanging text messages with Brittany Washington on her Samsung phone.   (D.I. 45 at 2-5)   However, Plaintiff does not demonstrate that she produced text messages responsive to Defendant's request and does not deny exchanging text messages with Brittany Washington on her iPhone or other devices.

7.   The balance of Plaintiff's responsive submission alleges a failure to comply with Federal Rule of Civil Procedure 26(f).   (D.I. 45 at 6-10)   The court previously addressed these arguments in its January 30, 2026 Order, which explained that "this case is subject to the exception [to Rule 26(f)] because . . . the Court already issued a Scheduling Order (D.I. 16) in this case[.]"   (D.I. 41 at 2)

8.   **Conclusion.**   For the foregoing reasons, IT IS ORDERED that Defendant's motion to compel is GRANTED.   (D.I. 43)   On or before **April 10, 2026**, Plaintiff shall produce all text messages between herself and Brittany Washington from all of her devices and phones in response to Request for Production Nos. 13 and 20.   (D.I. 20)

9.  This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to four (4) pages each.

10. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

4